UNITED STATES OF AMERICA,

Plaintiff,

v.

GEORGE ANTHONY GUTIERREZ,

Defendant.

RECEIVED
BY MAIL
MAR 09 2005
CLERK US DIST COURT
MINNEAPOLIS MN

Date: 3 March 2005

Criminal Case #01-331

(ADM/AJB)

**MOTION**

Filing under Federal Criminal Code And Rules, Fed.R.Civ.Pro Rule 33(b) and Rule 60(b)(3). Also alleging violations of Fourth Amendment rights of Due Process, Fifth Amendment rights (prosecutorial misconduct), and Sixth Amendment rights(ineffective assistance by appointed counsul).

The defendant requests the court's consideration of the following:

1) Defendant was convicted by jury trial on 22 March 2002.
2) By statute, defendant must file this motion on or before 22 March 2005.
3) New evidence has come to light proving that the defendant's Fourth Amendment right to Due Process was violated.

The defendant therefore requests from this court:

1) All discovery pertaining to Cr 01-331(ADM/AJB) and Cr 02-219 (ADM/AJB) as defendant was not permitted to retain them through his various moves within the Federal Bureau of Prisons.
2) That this court overturn the above refernced conviction and vacate the sentence pertaining thereto.

SCANNED
MAR 10 2005
U.S. DISTRICT COURT MPLS

In support of these requests, the defendant asks the court to review the following Facts And Supporting Evidence.

## CASE OF FACT AND SUPPORTING EVIDENCE

Fact 1: Defendant was arrested by the Minnesota FBI Fugitive Task Force on 10 October 2001 on a fugitive warrant issued by US Customs out of San Antonio, Texas. (Pre-trial transcripts, page 13, lines 13-18; page 14, lines 24-25; page 62, lines 14-16 and 20-23)

Fact 2: In conjunction with the arrest by the Minnesota FBI Fugitive Task Force, Ramsey County Sheriff's Department executed a search warrant on that same date based on a narcotics investigation. (Pre-trial transcripts, Page 14, lines 2-5; Page 41, lines 18-20)

Fact 3: The search warrant executed by the Ramsey County Sheriff's Department was requested from Judge Mary Pawlenty of Dakota County on 11 October 2001 and granted by Judge Pawlenty on the same date at 2:35 pm.

Evidence proving that the arrest date was 10 October 2001:

(Tial Transcripts, copies attached)

Day 1, page 33, lines 12-14

Day 2, Page 33, lines 24-25

Page 44, lines 23-24

Page 88, lines 22-23

Page 34, lines 5, 13 and 14

Page 16,lines 7-8

Page 35, lines 12-15 and 21-22

Page 89, lines 5 and 13

Federal Bureau of Prions Comp Data Monitoring Sheet, Pages 1 and 2

Mr. James Lackner AUSA brief to the 8th Circuit, Statement of the Case and Facts, Page 1, lines 1-3 and 7-8; page 2, lines10-11

Evidence proving that the search warrant was issued on 11 October 2001:

Reciept, Inventory And return, Dakota County

Application for search warrant and supporting affidavit

Search Warrant(copy)

Criminal Complaint, Case #01-MG-359 ESS

Affidavit of Steve Nusbaum

Indictment Cr 01-331 (ADM/AJB)

Fact 4: Although the defendant's standby counsul indicated that he had recieved a copy of the search warrant issued by Dakota County (Pre-trial transcripts, page 29, lines 23-25 and Page 30, lines1-2), he was mistaken. A copy of the search warrant was not included in the discovery and the defendant did not recieve a copy of the search warrant despite all his efforts to obtain one, until recently (Postmarked envelop from Dakota County in which the defendant finally recieved a copy of the search warrant).

## CONCLUSION

Based on the above cited Case of Fact anf Sopporting Evidence, it is obvious that there was a miscarriage of Due Process. Because the search warrant was not issued until after the search was conducted, the search constitued illegal search and siezue, violating the Due Process clause of the the Fourth Amendment and Rule 60(b)(3) of the Federal Criminal Code And Rules.

In addition, the defendant cites possible prosecutorial misconduct in violation of his Fifth Amendment rights based on the prosecutor's

probable knowledge of the irregularity of the search warrant.

Lastly, the defendant's standby counsel provided ineffective assitence and, in one case, innacurate information on the defendant's behalf regarding the search warrant(pre-trial transcripts, page 29, lines 23-25 and page 30, lines 1-2). This violated the defendant's Sixth Amendment right to effective counsel.

**SUMMARY**

For the above cited violations of the defendant's legal a constitutional rights, the defendant asks the court to overturn his conviction and vacte his sentence.

I want to state to tHE couRT. PlEASE ExcusE ME for I do not HAvE All copy's of TR pgs. THAT I HAVE mENtioNEd iN tHis motion for tHE CouRT To look AT SiNcE I did NoT HAVE eNough MONEY for copy's

It is the defendant's hope that the court will appoint a counsel to him to pursue this motion.

Filing Pro Se

Respectfully submitted,

George A. Gutierrez

George A. Gutierrez