UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 01-331 (ADM/AJB)
Civ. No. 05-855 (ADM)

| | |
|---|---|
| GEORGE ANTHONY GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | UNITED STATES MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255 |

The United States of America, by and through its attorneys, Thomas B. Heffelfinger, United States Attorney, and James E. Lackner, Assistant United States Attorney, hereby responds in opposition to Petitioner Gutierrez's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

## INTRODUCTION

Gutierrez, who represented himself at trial, moves this Court to vacate his sentence based on a number of related "grounds" in which he claims that he was deprived of a fair trial. His grounds are addressed below. Many, but not all, are arguments that he had ineffective assistance of appellate counsel for failing to raise certain issues on appeal. These arguments fail because almost all these issues were forfeited at trial when the defendant failed to raise objections.

The record shows that Gutierrez elected to represent himself at trial even after a hearing was held on the dangers and disadvantages of self-representation and being warned by this Court. This Court found that Gutierrez made an effective waiver of

counsel, and he cannot now complain of his own ineffectiveness as grounds for reversal. Some of the issues which Gutierrez claims should have been raised on appeal in fact were raised and rejected. The balance of the issues are also meritless and therefore appellate counsel was not ineffective for failing to raise them.

FACTUAL AND PROCEDURAL BACKGROUND

This case resulted from a search which occurred on October 11, 2001 at a residence at 13831 Echo Park Court, Burnsville, Minnesota where Gutierrez (hereinafter petitioner), his wife and children lived. During the execution of the search warrant, law enforcement officers recovered, among other things, approximately 1,059 grams of methamphetamine, 642 grams of cocaine, 393 grams of marijuana, a loaded 9mm Glock handgun, and $4,753 in cash.

A federal grand jury returned an Indictment charging Gutierrez (hereinafter petitioner) with possession with intent to distribute methamphetamine (Count 1), possession with intent to distribute cocaine (Count 2), and use of a firearm during an in relation to a drug trafficking crime (Count 3).

After having counsel appointed, petitioner elected to represent himself. On January 9, 2002, petitioner appeared before Magistrate Judge Boylan for the sole purpose of having the court conduct a hearing pursuant to Faretta v. California, 95 S.Ct. 2525 (1975). At that time, the Magistrate Judge specifically advised petitioner that if convicted he would face 25 years. January 9,

2002 hearing transcript ("H.T.") at 4-5. The Magistrate Judge further warned petitioner that unlike an attorney, petitioner was not familiar with the rules of evidence or procedure, H.T. at 12,14; that if petitioner proceeded to trial unrepresented, the Court would not act as his advocate or provide him with advice, H.T. at 9; the Magistrate Judge further advised petitioner as to the difficulty in attempting to try the case without the appropriate education and experience, H.T. at 6-11, 13-14. The Magistrate Judge specifically told petitioner that in the Court's opinion petitioner would be best served by having a trained lawyer represent him and that the decision to proceed without an attorney was "terribly unwise." H.T. at 11-12.

Additionally, this Court went further to insure that petitioner knew what he was doing by waiving counsel. Just prior to the beginning of trial, the District Court again advised petitioner concerning his right to an attorney. Trial Tr.("T.T.") (3/19/02) at 24-29. Among other things, this Court specifically advised petitioner of his right to have counsel at trial, that standby counsel had a different role than defense counsel, that the Court would not be petitioner's lawyer, that petitioner was charged with "various serious offenses". (Gutierrez knew he was facing 25 years as he later said just that in his opening statement. T.T. (3/19/02) at 37). Petitioner persisted in his decision to represent

himself. Dean Grau, Esq. acted as standby counsel (both at the trial and the earlier suppression hearing).

After a three-day trial, petitioner was convicted on March 21, 2002. After filing motions for a new trial and mistrial, petitioner also requested the reappointment of the Federal Public Defender, which was granted.

While awaiting his sentencing and the rulings on his various post-trial motions, petitioner escaped from custody in the Anoka County Jail on May 16, 2002. He remained a fugitive until his capture on July 13, 2002 in Fresno, California.

After denying his various post-trial motions, this Court sentenced petitioner on November 26, 2002 to a total of 300 months.

Petitioner appealed his conviction arguing that he should have been granted a new trial because the actions of his standby counsel deprived him of his right to self-representation. He also argued that the district court committed several evidentiary errors which, when considered in all, deprived him of a fair trial. The Eighth Circuit rejected his arguments, and affirmed his conviction on December 18, 2003. United States v. Gutierrez, 351 F.3d 897 (8th Cir. 2003).

The United States Supreme Court denied petitioner's petition for a writ of certiorari on October 4, 2004. Gutierrez v. U.S., 125 S. Ct. 36 (2004).

On April 29, 2005, petitioner filed his pro se Section 2255 habeas motion to vacate, set aside or correct his sentence.

I.

ARGUMENT

**Standard of Review**

A Section 2255 "provides a remedy in the sentencing court for claims that a sentence 'was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."' Poor Thunder v. United States, 810 F.2d 817, 821 (8th Cir. 1987)(quoting 28 U.S.C. § 2255). Relief pursuant to § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Petitions for relief pursuant to § 2255 are not substitutes for direct appeal, and claims not raised on direct appeal generally cannot be addressed in § 2255 motions. Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual

innocence." McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001)(citation omitted). Section 2255 motions are also not appropriate vehicles to collaterally attack issues that have been raised and decided on direct appeal. United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.").

Almost all of petitioner's complaints were caused by and relate back to his self-representation. The U.S. Supreme Court and the Eighth Circuit have held that when a defendant has made an effective waiver of counsel, as here, he cannot later complain of his own ineffectiveness as a ground for reversal. Faretta v. California, 422 U.S. 806 (1975); United States v. Weisman, 858 F.2d 389 (1988). In addition, Gutierrez is merely raising claims that were either previously addressed on appeal and denied, or are now procedurally barred, or without merit.

1. Grounds 1, 2, 3, 4 and 17

Gutierrez claims he recently obtained a copy of the "real" search warrant from Dakota County, after his supposed many previous requests to Ms. Villa (sentencing and appellate counsel). He claims that the search warrant was signed one day after his arrest and thus the evidence seized as a result of the search on the day of his arrest was fraudulently obtained. This argument fails for several reasons. First, it is untrue. The search warrant was

signed on October 11, 2001. The defendant was arrested at the scene of the execution of the search warrants, not the day before. See Report and Recommendation, page 2; T.T., March 19, 2002, at 40-43, 47, 52-54.

While it appears that there was some confusion in the AUSA's questioning at trial as to whether the execution of the warrant took placed on October 10 or 11, it is crystal clear from both the magistrate judge's findings and the trial transcript that the search warrants were obtained <u>first</u>, the defendant's house was then searched and the defendant was arrested. As a result, the defendant has no factual basis for his claim.

Second, the matter cannot even be raised in a § 2255 petition because the defendant cannot show why he was unable to raise this issue during trial. The defendant represented himself at the suppression hearing, and contrary to his allegations in his petition concerning when he received the search warrant, the defendant was clearly given a copy of the search warrant at that time (if not before). See suppression hearing transcript, ("SHT") at 29-30. Even assuming there was an issue here, which there is not, Gutierrez cannot show why he should not be procedurally defaulted for waiting to raise it until now. Because he represented himself, he cannot claim ineffective assistance of counsel. <u>See</u> <u>Faretta v. California</u>, 422 U.S. 806, 834, note 46 (1975); <u>U.S. v. Weisman</u>, 858 F.2d 389, 391 (8th Cir. 1988).

Nor can he attempt to evade procedural default by arguing his appellate attorney was ineffective for not raising the issue on appeal. First, because Gutierrez himself did not raise it at the suppression hearing, the issue was either unreviewable on appeal or would have been reviewed under a plain error standard. For that reason alone, the appellate issue was frivolous. Second, appellate counsel "has discretion to abandon losing issues on appeal". Reese v. Delo, 94 F.3d 1177, 1185 (8th Cir. 1986). Had this issue any merit, Ms. Villa, an experienced federal public defender, would have pursued the matter on appeal. There is no factual basis upon which to establish a meritorious claim here. The defendant has failed to meet his burden that this issue should have been raised.

Gutierrez lists several other grounds related to the above issue: fraud and perjury by prosecutors and law enforcement "knowing that the search warrant was a fraud". See grounds 2 and 3. These allegations are frivolous and require no further response.

In his supplement to ground 2, Gutierrez further alleges prosecutorial vindictiveness. He makes a bald accusation that the trial was actually a "vendetta" against him by the then AUSA Anthony Brown, and another attorney, an ex-federal prosecutor from San Antonio, Texas.

The standard for sustaining such a claim is noticeably absent from defendant's motion. He cannot meet the heavy burden required

by the law. See U.S. v. Russell, 411 U.S. 423, 432 (1973) (conduct must violate fundamental fairness, "shocking to the universal sense of justice") (citations omitted). The burden of proof for showing of vindictive prosecution is a heavy one and rests with the defendant. U.S. v. Kelly, 152 F.3d 881, 885 (8th Cir. 1998). In order to make out a prima facia case of selective prosecution, a defendant must show: (1) that [he was] singled out for prosecution while others similarly situated were not prosecuted for similar conduct; and (2) that the decision to prosecute was based on an impermissible motive such as race, religion, or an attempt by the defendant to secure other constitutional rights. Id. at 885-86. The defendant has utterly failed to make any such showing whatsoever here.

2. Ground 5 - defendant makes two separate complaints here. First, he makes a generalized statement that there was "a lot of hearsay in trial". This issue was raised before the Eighth Circuit and rejected on the direct appeal. 351 F.3d at 898, note 2. Gutierrez cannot raise this issue again here.

Second, he argues that his conviction should be vacated because the AUSA, according to the defendant, played a portion of a taped statement by the defendant which included the invocation of the defendant's right to counsel. The defendant argues that this issue should have been raised on appeal, and that it was ineffective not to do so. The problem with this argument is that

the defendant, acting as his own counsel, abandoned the issue at trial and therefore the matter could not be raised on appeal.

The record shows that during a sidebar where this issue was discussed, Gutierrez consulted with his standby attorney who stated Gutierrez's objection, even though the standby attorney himself was not sure whether he heard that part of the tape played. Standby counsel did state to the Court that the defendant was quite certain that he had. See T.T. March 21, 2002 (Volume III-B), at 46. Petitioner then specifically withdrew his objection. See id., at 47. By doing so, the defendant abandoned his claim and cannot now blame his appellate counsel for not raising the issue on appeal.

Further, Gutierrez has made no showing that had this issue been raised on appeal there was even the slightest possibility of success or that the result of the appeal would have been different. See Becht v. U.S., 403 F.3d 541, 545 (8th Cir. 2005). Even if that portion of the tape had been played, the evidence was overwhelming and any error would have been harmless.

3. Ground 6 - merely raises another hearsay argument which cannot be considered here because the issue of hearsay was addressed in the appeal.

4. Ground 7 - also raises an issue already decided in the direct appeal. On appeal, Gutierrez argued that his court-appointed standby counsel interfered with his defense by referring one of his witnesses, his wife, to the Federal Public Defender for

representation and contacting the Federal Public Defender for her. Essentially, her testimony - according to the defendant - would have been to exonerate her husband and implicate herself and her father. The Eighth Circuit rejected Gutierrez's claim, finding that it was not an abuse of discretion for this Court to ensure that a witness' rights are protected. 351 F.3d at 903. Because this claim was raised and decided on direct appeal, it cannot be reconsidered here.

5. Ground 8 - the defendant complains that the prosecutor stated at the suppression hearing "that he would use police officers only to identify me. But in trial used photos to identify me". It is clear that the defendant misunderstood a statement by AUSA Brown at the suppression hearing.

Apparently, the defendant made a pretrial motion to suppress identifications. The government responded that it would not use police identification photos, photo spreads, as a means of identification in its case in chief. See SHT at 9. The only photos used by the government during it case in chief were photo IDs belonging to the defendant which were seized by the government during the search warrant, i.e. driver licenses, etc. These are not the same as police identification photos and the defendant has obviously confused the two. The government's promise not to use photo spreads or police photos to show to witnesses as a means of identification at trial is entirely different from entering into

evidence drivers' licenses and other photo IDs belonging to and seized from the defendant's belongings, to establish his possession of the drugs and gun. There is no meritorious claim here.

6. Grounds 9, 10 and 11 also appear to relate to hearsay objections, which cannot be raised for the same reasons set forth earlier. To the extent Gutierrez argues that the prosecution never established a "controlled buy", he is arguing a sufficiency of the evidence issue, which he cannot do in a § 2255 petition. See Ray v. U.S., 588 F.2d 601, 603, note 4 (8th Cir. 1978); U.S. v. Norton, 539 F.2d 1194, 1195 (8th Cir. 1976); but see Edun v. U.S., 951 F.2d 352 (7th Cir. 1991) (unpublished).

In any event, the defendant fails to set forth any coherent argument as to how the government did not meet its burden and the argument should be rejected on that basis alone. At the end of the government's case, the defendant moved for a judgment of acquittal. This Court denied the motion, finding sufficient evidence for the jury to convict. See Trial Transcript March 20, 2002, pages 20-21. The defendant has failed to meet his burden as to why this decision was an error or how the evidence was not sufficient.

7. Ground 12 - here defendant alleges that the AUSA improperly argued that the notes found in the defendant's briefcase were in the defendant's handwriting, without calling a handwriting expert. This same issue was raised on direct appeal and rejected. See

appellant's brief, pages 38-39; 351 F.3d at 898, note 2. Therefore, it cannot be considered here.

8. Grounds 13 through 15 - again relate to the same hearsay arguments raised by the defendant in his direct appeal. The defendant erroneously argues that this issue was not raised on appeal. It was. See appellant's brief, pages 29-34. These arguments were rejected by the Eighth Circuit. Id.

9. Ground 16 - the defendant argues that because there was marijuana found on the same day as the other drugs were seized, there were 5th and 6th Amendment violations to his constitutional rights. The government does not understand this argument and therefore cannot respond to it.

10. The defendant also asks that this Court apply Booker, Blakely, Shepard v. U.S., 125 S.Ct. 1254 (2005) and Crawford v. Washington, 541 U.S. 36 (2004) retroactively to his case. The simple answer is that none of these cases are retroactive and cannot be applied to a § 2255 petition. This Court has previously found Booker to not be retroactive. See Tineo v. LeBlanc, 2005 WL 740520, *3 (D. Minn. March 31, 2005) (while Tineo was in the context of a second and successive § 2255 petition, the reasoning used by the Court also applies to an initial § 2255 petition); see also Schriro v. Summerlin, 124 S.Ct. 2519 (2004); Varela v. U.S., 400 F.3d 864 (11th Cir. 2005); U.S. v. Price, 400 F.3d 844 (10th Cir. 2005);

Humphress v. U.S., 398 F.3d 855 (6th Cir. 2005); McReynolds v. U.S., 397 F.3d 479 (7th Cir. 2005);.

Shepard also has been held to be non-retroactive. Langley v. U.S., 2005 WL 1114710 (M.D.N.C. May 5, 2005) at *1; Olivas-Gutierrez v. U.S., 2005 WL 1241871 (W.D. Tex. May 19, 2005) at *4. Nor has Gutierrez even shown how Shepard is applicable to his case to begin with. Shepard set forth the type of information to which a court could refer to, beyond the conviction itself, in the context of an 18 U.S.C. § 924(e) case to determine whether a prior felony was a "violent crime". Shepard has no application here, where the defendant's enhanced sentence is based (1) on the weight of the drugs and (2) a prior drug offense which need not be proven by anything other than the fact of the conviction itself.

Nor is Crawford retroactive. Crawford held that the Confrontation Clause bars admission of testimonial hearsay unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the witness. Although Gutierrez does not explain what testimony in this case would be barred by Crawford, it does not matter as Crawford is not retroactive. See Bintz v. Bertrand, 403 F.3d 859, 865-67 (7th Cir. 2005); Mungo v. Duncan, 393 F.3d 327, 335-36 (2nd Cir. 2004); Brown v. Uphoff, 381 F.3d 1219, 1226-27 (10th Cir. 2004). But see Bockting v. Boyer, 399 F.3d 1010, 1014-21 (9th Cir. 2005) (holding Crawford

retroactive) opinion amended on denial of rehearing on June 1, 2005 (text not available on Westlaw at time this memorandum is written).

The Eighth Circuit has not ruled on the issue but has clearly signaled it does not believe Crawford to be retroactive. Ferguson v. Roper, 400 F.3d 635, 639, Note 3 (8th Cir. 2005).

II.

The defendant has also filed a second § 2255 petition with the Court raising other grounds. These are equally baseless and are dealt with below.

11. Grounds 18 and 24 - are simply defendant's versions of the facts which he wishes the Court to accept rather than the jury verdict. There is no cognizable basis for relief here.

12. Grounds 19-22 - the defendant alleges that various law enforcement officers and judges committed fraud. He has no basis to make these allegations, other than his statement that it happened. These allegations do not merit any more of response than this.

13. Ground 23 - is related to the same allegations discussed earlier, in grounds 6, 9, 13-14 and which were raised unsuccessfully on appeal. Appellant's brief pages 29-34.

14. Ground 24 sets forth the same coercion defense argument raised by the defendant in trial (see closing argument, T.T. (III-B) March 21, 2002, at 66-68). Gutierrez's mere recitation of his alternative statement of the facts provides him no cognizable basis

for relief under § 2255. He has no factual support and cannot meet his burden.

15. Ground 25 relates to his argument that the search warrant was a fraud, which was discussed earlier.

The balance of defendant's claims are either (1) a rehash of his appeal or (2) supposed constitutional violations for which he has no factual support and which were dealt with earlier in this memorandum. They do not merit any further reply.

Finally, the defendant requests the "grand jury minutes" to his case. He makes no showing as to why these should be provided.

CONCLUSION

For all the above reasons the defendant's § 2255 petition should be denied in its entirety without the need for an evidentiary hearing.

Dated: June 2, 2005

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/James E. Lackner
BY: JAMES E. LACKNER
Assistant U.S. Attorney
Attorney ID Number 59298