**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

GEORGE ANTONY GUTIERREZ,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

Civil No. 05-855 (ADM)
Crim. No. 01-331 (ADM/AJB)

**ORDER**

On March 21, 2002, Petitioner was convicted in this Court for three federal drug trafficking offenses. He was sentenced to a total of 300 months in federal prison, and he is currently serving his sentence at the Federal Correctional Institution in Oxford, Wisconsin. After Petitioner's conviction and sentence were affirmed on direct appeal, (United States v. Gutierrez, 351 F.3d 897 (8th Cir. 2003), cert. denied, 124 S.Ct. 36 (2004)), he filed a motion seeking relief under 28 U.S.C. § 2255. (Docket No. 99.) Petitioner's § 2255 motion was denied by this Court's Order of June 23, 2005. (Docket No. 107.)

On July 13, 2005, Petitioner filed a "Notice of Appeal," which the Clerk of Court construed to be both a notice of appeal, and a request for a Certificate of Appealability, ("COA"). (Docket Nos. 111 and 112.) Petitioner also filed a motion seeking leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 109.)[1] For the reasons discussed below, the Court finds that Petitioner is entitled to proceed IFP on appeal, but he is not entitled to a COA in this matter.

---

[1] Plaintiff filed another motion, (Docket No. 110), asking that the word "motion" be substituted in place of the word "application" in his request for IFP status. That "motion to amend" will be denied as moot, as it is wholly irrelevant whether Plaintiff's request for IFP status is labeled "motion" or "application."

A. IFP Application

A litigant who seeks to be excused from paying the $255 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner represents that he has no regular income and no assets of any significance. Based on those representations, the Court finds that Petitioner is financially eligible for IFP status.

The Court also finds that the issues Petitioner seeks to raise on appeal are not legally "frivolous," as that term has been defined by the Supreme Court, (even though the Court further finds, for the reasons discussed below, that those issues do not warrant a Certificate of Appealability). Thus, the Court concludes that Petitioner's appeal is taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and that his application for IFP status on appeal should be granted.

B. Certificate Of Appealability

A federal prisoner is not permitted to appeal a final order in a § 2255 proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, Petitioner has not identified any specific claim that he is seeking to raise in the Court of Appeals. The Court will therefore assume, (for present purposes only), that he wants the

Court of Appeals to review all of the 26 claims for relief that he listed in his § 2255 motion.

For the reasons fully explained in the order denying Petitioner's § 2255 motion, this Court has found that Petitioner is not entitled to any relief on any of the claims listed in his motion. The Court finds no reason to believe that any of Petitioner's § 2255 claims could be decided any differently in any other court -- including the Eighth Circuit Court of Appeals. Furthermore, there is nothing novel or noteworthy about any of Petitioner's claims that would cause any of them to warrant appellate review. In sum, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, and, accordingly, he is not entitled to a COA in this matter.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's motion seeking to change the word "application" to "motion," (Docket No. 110), is DENIED AS MOOT;

2. Petitioner's application for leave to proceed in forma pauperis on appeal, (Docket No. 109), is GRANTED; and

2. Petitioner's application for a Certificate of Appealability in this matter, (Docket No. 112), is DENIED.

Dated: July 26, 2005

s/Ann D. Montgomery

ANN D. MONTGOMERY
United States District Court Judge