DISTRICT OF MINNESOTA

MINNEAPOLIS DIVISION

U.S. DISTRICT COURT

TO: Clerk of Court August 25, 2008

George Anthony Gutierrez Defendant

V.

United State Government Respondent

Crime Case No# 01-331(ADM)

Certiorari Appeal No# 03-9845

MOTION

I am requesting to the honorable court to consider the 18 U.S.C. 924 (c)(1)(a) charge I received to run concurrent with my 21 U.S.C. 841 (a)(1) drug sentence which is a twenty year minimum either under rule 60 (b) grounds for relief from a final judgement order, or proceeding or under rule (3582) Imposition of Sentence of Inprisionment

STATEMENT OF FACTS

I George Anthony Gutierrez PRO SE DEFENDANT was sentenced under 18 U.S.C. 924 (c)(1)(a) to sixty months consecutive with 21 u.s.c. 841 (a)(1) statute and in the 841 (a)(1) i received 240 months i currently have 300 months total. There is some issues of law concerning the statute 18 U.S.C. 942 (c)(1)(a) that if the courts permits me I would like to address.

SCANNED
SEP 02 2008
U.S. DISTRICT COURT ST. PAUL

MEMORANDUM OF LAW

FOR THE COURTS REVIEW

It is concerning the recent ruling of the second circuit U.S. V. WHITLEY 2nd. cir. 529 F3d 150. Which it states in this case that 18 U.S.C. 924 (c)(1)(a) does not apply when the defendant is also subject to a higher - but potentially concurrent minimum penalty provided by another statute. The second circuit ruling that the exempt clause of 18 U.S.C. 924 (c)(1)(a) exempts defendants subjects to a higher mandatory minimum by another statute or subsection from receiving a consecutive term of inprisionment for violation of (924) (c)(1)(a) with the second circuits ruling there now exits a split in the circuits. The ruling of lenity directs that in such cases it should be decided in favor of the defendant.

Please see: U.S. V. SANTOS 550 U.S.________2007. In this circuit the controlling case in U.S. V. ALANIZ 235 F 3RD. 386 (2008). But the 8th circuits opinion is wanting. For the courts in ALANIZ Supra failed to cite the Supreme courts ruling in U.S. V. GONZALES 520 U.S. 137 Led 2nd. 132, a case not unlike the instant but dealing with another subsection of 924 (c)(1)(a) in GONZALES Supra, the court counseled [G]iven the straightforward statutory command, there with whether a sentence could be ran Concurrently with a state sentence or whether the statute refers to a federal sentences alone. The courts reasoned the the clause "Any Other Term of

Inprisonment" in 924 (c)(1)(a) referred to "All Term[s] of Inprisonment" "Including" those imposed by state courts"GONZALES Supra" at 138 the courts reached this conclusion, because it said that "Congress did not" add any language limiting the breath of that word id at 138 (i.e. "Any") thus the 8th. circuits ruling in ALANIZ Supra stating "[S]ubdivion" (c)(1)(a)'s "Greater Minimum Sentence" clause refers only to the firearm related conduct prescribed either by 924 (c)(1) or "By Any Other Provision of Law" is flawed in light of the Supreme Court's ruling in GONZALES Supra for anything in the text of 924 (c)(1)(a) reads to limit the word "Any to gun-related conduct". Further, the circuit court stated plainly that "We find no ambiguity in the statute's text" ALANIZ Supra at 389, so the court was constrained to refer only to the text of the statute. Please look to CONNECTICUT NAT. BANK V. GERMAIN 503 U.S. 249, 254, 117 Led 2nd. 391.(1992) but went to the legislative history to support its ruling. It should be duly noted that the "Except" clause precedes any other language of the subsection in the word of the Supreme Court " The ordinary meaning of that language accurately expresses the legislative purpose".

In Bailey V. United States 516 U.S. 143 (1995). As discussed in United States V. Timmons, 283 F3d 1246 (11th. circ 2002) the mere presence of a firearm where a criminal act occurs is not a sufficient basis for imposing a mandatory sentence. Mere possession of illegal drugs and firearms together does not satisfy the legislative intent of 924(c) in U.S. V. MANN 389 F3d 869 (9th. circ 2004). The prosecution failed to prove a nexus between a trafficking activity and a

firearms even though the distance between the two was minimal. The prosecution proved the defendant manufactured methamphetamine at the camp and kept a key to the safe at the site. The Ninth Circuit held that the government did not meet its burden becouse the firearm was not "Readily Accessible" to the defendant; no proof existed of the firearm's use in furtherance of any drug trafficking activity. Please look at U.S. V. ABDUL 75 F3d 327 (7th. circ 1996).

(1.) Loaded pistol under defendant's bed in his apartment was not "used" during and in relation to drug trafficking crime.

(2.) Fact that gun was in same room as drugs is not sufficient to supprt conviction for use of a firearm during and in relation to drug trafficking crime. Please look at U.S. V. LOPEZ 100 F3d 98 9th. circ (1996) also look at: BAILEY V. U.S. 516 U.S. 137, 133, Led 2nd. 472 116 sct 501 (1995). Conviction of use of firearm, for the purposes of mandatory sentencing provisions of 18 U.S.C. 924 (c)(1) held to require showing of Active Employment of firearm such that firearm is opertive factor in relation to predicate offence.

Please look at: U.S. V. TOLLIVER 116 F3d 120 5th. circ.(1997). Defendant could not be convicted of "Useing" firearm in relation to drug trafficking crime, absent evidence that defendant employed firearms. Please look at: U.S. V. MUNOZ 143 F3d. 632 (2nd. circ. 1998)

Supreme Courts Bailey decision which defined "Use" for purposes of statute prohibiting use or carring of firearms during drug transaction, could be implied retroative on defendants motion to vacate sentence.

In final please look at: 8th circuits ruling U.S. V. Bell 477 F3d 607 8th. circuit (2007).

It states "Simply Possesing" drugs and a firearm at the same time is "INSUFFICIENT" to support a conviction for possessing a firearm during and in relation to a drug trafficking crime.

In U.S. V. GONZALES 520 U.S. I (1997) It states "Accordingly" it held that a defendant who is subject to a "Greater Mandatory Minimum" can not also recieve a section 924 (c)(1)(a) enhansement.

## CONCLUSION

It is my hope that this honorable court consider running my gun charge concurrent with my drug sentence of twenty years.

This is the relief I hope you will consider. I hope and pray judge you will grant my request.

Respectfully Submitted,

George Anthony Gutierrez

George Anthony Gutierrez
Reg. No.# 43840-080
F.C.I. Fairton
P.O. BOX 420
Fairton N.J. 08320