**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

George Anthony Gutierrez,

Defendant.

Crim. No. 01-331 (ADM/AJB)

**ORDER**

This matter is before the Court on Defendant's motion for a reduction of his prison sentence. (Docket No. 117.) Defendant is attempting to bring his motion under Fed. R. Civ. P. 60(b) and/or 18 U.S.C. § 3582. For the reasons discussed below, Defendant's motion must be summarily DENIED.

**I. BACKGROUND**

In 2002, a jury found Defendant guilty of various federal drug and gun law violations. He was sentenced to an aggregate term of 300 months in federal prison, and he is currently serving his sentence at the Federal Correctional Institution in Fairton, New Jersey.

Defendant's conviction and sentence were affirmed on direct appeal, (United States v. Gutierrez, 351 F.3d 897 (8th Cir. 2003), cert. denied, 543 U.S. 823 (2004)), and he subsequently challenged his conviction and sentence in a timely motion for relief brought under 28 U.S.C. § 2255. Defendant's § 2255 motion was denied on June 23, 2005, (Docket No. 107; see Guiterrez v. United States, 2005 WL 1490361 (D.Minn. 2005)), and he was unable to secure a Certificate of Appealability, as required by 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b).

Defendant is now attempting raise new collateral challenges to his sentence. His present motion makes no reference to 28 U.S.C. § 2255, and it clearly appears that he is attempting to

circumvent the restrictions on second or successive § 2255 motions, by seeking relief under Rule 60(b) and/or 18 U.S.C. § 3582. However, the restrictions on second and successive § 2255 motions cannot be so easily evaded.

## II. DISCUSSION

### A. Rule 60(b)

Since the enactment of the Anti-terrorism and Effective Death Penalty Act, a second or successive § 2255 motion cannot be entertained by a federal district court, unless the defendant has obtained pre-approval from the court of appeals for the circuit in which the district court is located. 28 U.S.C. § 2255(h).[1] The Eighth Circuit Court of Appeals has repeatedly held that a federal prisoner cannot avoid this restriction on second or successive § 2255 motions, by bringing new collateral challenges to his conviction or sentence in a Rule 60(b) motion. United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.) ("[i]t is well-established that inmates may not bypass the authorization requirement... for filing a second or successive... § 2255 action by purporting to invoke some other procedure"), cert. denied, 545 U.S. 1135 (2005). See also Boyd v. United States, 304 F.3d 813 (8th

---

[1] Section 2255(h) provides that:

"A second or successive motion [for relief under § 2255] must be certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Cir. 2002) (per curiam), cert. denied, 538 U.S. 953 (2003); United States v. Echols, 241 Fed.Appx. 355 (8th Cir. 2007) (unpublished opinion); United States v. Washington, 211 Fed.Appx. 550 (8th Cir. 2007) (unpublished opinion); United States v. Matlock, 107 Fed.Appx. 697 (8th Cir. 2004) (unpublished opinion); Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996), cert. denied, 521 U.S. 1123 (1997); Bolder v. Armontrout, 983 F.2d 98, 99 (8th Cir. 1992), cert. denied, 506 U.S. 1088 (1993); Blair v. Armontrout, 976 F.2d 1130, 1134 (8th Cir. 1992), cert. denied, 508 U.S. 916 (1993).

A Rule 60(b) motion that presents new collateral challenges to a prisoner's conviction or sentence must be treated as a second or successive § 2255 motion. Boyd, 304 F.3d at 814. Because a Rule 60(b) motion is to be treated as a second or successive application for post-conviction relief, it cannot be entertained by a district court, unless the movant has met the statutory pre-conditions for filing a second or successive request for post-conviction review. See Mathenia, 99 F.3d at 1480 ("district court correctly construed [prisoner's] Rule 60 motion as a second petition for habeas corpus relief and declined to review the merits of [his] successive claims").

In this case, Defendant has not identified any alleged error in the order denying his previous § 2255 motion, which could be corrected pursuant to Rule 60(b). To the contrary, it is readily apparent that Defendant is now attempting to bring entirely new challenges to his sentence. Because Defendant's present Rule 60(b) motion raises new collateral challenges to his sentence, the motion must be viewed as a second or successive § 2255 motion, which cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. Defendant has not yet obtained a pre-authorization order from the Court of Appeals, so this Court cannot consider the present motion. Boyd, 304 F.3d at 814.

In Boyd, the Court of Appeals prescribed the following procedure for dealing with motions such as Defendant's present Rule 60(b) motion:

> "In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals."

Id.

Following the procedure prescribed by Boyd, the Court has considered whether Defendant's current motion should be transferred to the Court of Appeals, or simply denied. The Court finds that in this particular case, it would be most appropriate to deny the motion. The Court of Appeals will not authorize the filing of another § 2255 motion in the District Court unless Defendant can meet the standard prescribed by § 2255(h). (See n. 1, supra.) Because Defendant has not attempted to meet that standard in his present submissions, it is unlikely that the Court of Appeals would grant a pre-authorization order at this time. It is therefore preferable to deny the present motion, and require Defendant to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3).[2] That will allow Petitioner to fully explain to the Court of Appeals

---

[2] 28 U.S.C. § 2244 (b)(3) provides that:

> "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. **[continued....]**

why he believes he meets the requirements of § 2255(h), and why he should therefore be allowed to file a new § 2255 motion in this District.

B. 18 U.S.C. § 3582

Defendant is also barred from challenging the validity of his conviction and sentence under 18 U.S.C. § 3582. Just as Defendant cannot evade the restrictions on second and successive § 2255 motions by attempting to bring new claims under Rule 60(b), he is likewise unable to evade those restrictions merely by citing § 3582.

Subsection (c) of § 3582 does authorize federal courts to modify a previously imposed sentence, but only under certain narrow and specific conditions – none of which are present here. A sentence can be modified pursuant to § 3582(c)(1)(A), "upon motion of the Director of the Bureau of Prisons," (emphasis added), for a prisoner who is more than 70 years old and has served more than 30 years in prison, or when there are "other extraordinary and compelling reasons" to reduce the prisoner's sentence. Defendant does not qualify for relief under § 3582(c)(1)(A), because his

---

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."

motion was not brought by the Director of the Bureau of Prisons, and because he does not meet any of the other pre-conditions for relief prescribed by the statute.

A sentence can be modified pursuant to § 3582(c)(1)(B) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Defendant does not qualify for relief under this part of the statute, because his motion does not cite any specific statute or provision of Fed. R. Crim. P. 35 that would warrant relief.

Finally, a sentence can sometimes be modified pursuant to § 3582(c)(2), if the United States Sentencing Commission has adopted some specific retroactively-applicable amendment to the Sentencing Guidelines that is directly pertinent to a prisoner's sentence. Defendant does not qualify for relief under this part of the statute, because he has not identified any retroactively effective amendment to the Sentencing Guidelines that purportedly should affect his sentence. See United States v. King, 518 F.3d 571, 576, n. 6 (8th Cir. 2008) (relief is available under § 3582(c)(2), "only for amendments reducing the applicable Guidelines ranges listed in § 1B1.10(c)"). See also, United States v. Auman, 8 F.3d 1268, 1272 (8th Cir.1993) ("[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2)" requires an amendment to the Sentencing Guidelines that has been expressly designated "as one that may be applied retroactively"); United States v. Hubers, No. 96-3775 (8th Cir. 1997), 1997 WL 226008 (unpublished opinion) at * 1 ("Section 3582(c) allows a district court to reduce a defendant's prison term if the defendant was sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.' Because the sentencing range applied to [the moving defendant] has not been lowered... section 3582(c)(2) is inapplicable here.").

Thus, Defendant cannot be granted relief from his sentence under any of the provisions of § 3582. It clearly appears that Defendant's citation to § 3582, (as well as Fed. R. Civ. P. 60(b)), is

simply an attempt to circumvent the restrictions on second and successive § 2255 motions set forth at § 2255(h). But again, those restrictions cannot be evaded merely by claiming that relief is sought under § 3582, rather than § 2255. United States v. Savage-El, 81 Fed.Appx. 626 (8th Cir. 2003) (unpublished opinion).

**III. CONCLUSION**

In sum, Defendant's current challenges to his sentence cannot be brought under either Fed. R. Civ. P 60(b) or 18 U.S.C. § 3582. The only remedy available for Defendant's current post-conviction claims is a motion brought under 28 U.S.C. § 2255. Because Defendant has already challenged his conviction and sentence in a prior § 2255 motion, he cannot raise any new collateral challenges to his conviction or sentence in this Court, unless the Eighth Circuit Court of Appeals grants him permission to file another § 2255 motion. To obtain such permission, Defendant will have to seek relief directly in the Court of Appeals, as prescribed by 28 U.S.C. § 2244(b)(3). (See n. 2, supra.) Because Defendant has not obtained an order from the Court of Appeals that allows him to file another § 2255 motion, his current collateral challenge to his sentence cannot be entertained by this Court.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Defendant's Motion for Relief Under Fed. R. Civ. P. 060(b) and/or 18 U.S.C. § 3582(c), (Docket No. 117), is DENIED.

Dated: September 19 , 2008

s/Ann D. Montgomery

ANN D. MONTGOMERY
United States District Court Judge